OPINION OF THE COURT
Vincent E. Doyle, J.
Application is made for an order pursuant to CPL 610.50 by Damian Rice for the payment of a reasonable sum for expenses while he is being held as a material witness pending the Erie County Grand Jury investigation into a warehouse explosion.
Damian Rice, a citizen of Australia, visiting the United States under an Australian passport, was employed by the owners of a warehouse located at or near the intersection of North Division Street and Grosvenor Street in the City of Buffalo on December 27,1983, when an explosion occurred. The applicant was arrested on Federal charges involving his visitor’s status in this country and incarcerated in the Erie County holding center from January 2,1984 to January 6, 1984. The Immigration and Naturalization Service with the consent of Mr. Rice ordered his deportation. However, to insure his continued presence within this State as a material witness, he was arraigned before this court upon the petition of the People of the State of New York on January 6,1984, and released on $3,000 personal *132 recognizance bail. The court at the request of the People directed Rice’s passport be held by the United States Immigration and Naturalization Service, and declared him a material witness.
Since his release, on January 6, 1984, the applicant has been unemployed, nor is he able to seek new employment by order of the United States Immigration and Naturalization Service, resulting in acute financial distress to him. The Grand Jury proceedings as well as any trials deriving therefrom will no doubt be protracted, further exacerbating applicant’s financial problems.
A witness held in the custody of the Sheriff as a result of a material witness order must be paid the sum of $3 per day for each day of confinement in such custody. Such compensation is a county charge and is payable upon the release of such material witness from custody (see CPL 620.80).
A witness subpoenaed by the People in a criminal action is entitled to the same fees and mileage as a witness in a civil action, payable by the Treasurer of the County upon the certificate of the court or the clerk thereof, stating the number of days the witness actually attended and the number of miles traveled by him in order to attend. In any such action, the court may, by order, direct the County Treasurer to pay to such witness a further reasonable sum of expenses, to be specified in the order, and the County Treasurer, upon the production of the order or a certified copy thereof, must pay the witness the sum specified therein out of the county treasury (see CPL 610.50, subd 1).
Any person whose attendance is compelled by a subpoena, whether or not actual testimony is taken, shall receive for each day’s attendance $2 for attendance fees and 8 cents as travel expenses for each mile to the place of attendance from the place where he was served, and return. There shall be no mileage fee for travel wholly within a city (see CPLR 8001, subd [a]).
The law, always a zealous guardian of the prerogatives of witnesses, has made provisions for the extraordinary situation existing in the present proceeding.
*133 For the reasons stated, and in the interests of justice, it is the decision of this court (1) that Damian Rice be paid an amount of $3 per day for each day of confinement, (2) that he receive a further sum of $2 per day for each day’s attendance before the Grand Jury and each day’s attendance for the taking of depositions, and finally, (3) that he shall be paid the further sum of $20 per day for expenses from January 6, 1984 to the present and thereafter, on a weekly basis in a sum of $140 until he is released as a material witness, or until his status as such is altered by court order or otherwise.